United States District Court
Southern District of Texas
**ENTERED**
June 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| LAKIM MINTRELL GUILD, #1771806 | § § | |
| VS. | § § | CIVIL ACTION NO. V-15-063 |
| LORI DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division | § § § | |

## REPORT AND RECOMMENDATION

Before the Court is Respondent Lori Davis's[1] Motion to Dismiss, as time-barred, the federal habeas petition of Lakim Mintrell Guild, a Texas inmate serving a 50-year sentence imposed by the 24th District Court of Jackson County, Texas, on March 7, 2012. The due date for Guild's response was extended to June 6, 2015, but no response has been filed.

According to Respondent, Guild's conviction became final on Monday, October 14, 2013, the last day to file a petition for discretionary review. In an apparent attempt to avoid limitations Guild claims that his lawyer failed to inform him of his right to file a timely *pro se* petition for discretionary review as required by Texas law, Cf. Ex parte Florentino, 206 S.W. 3d 124, 125 (Tex. Crim. App. 2006) (failure of appellate counsel to notify defendant of his right to file a pro se PDR merits state habeas relief to file out-of-time petition), however, the state court rejected this claim on the merits. Regardless, there is no constitutional right to counsel for discretionary reviews in state court, Ross v. Moffitt, 417 U.S. 600, 619 (1974), so there could be no cognizable federal claim of ineffective assistance for his lawyer's failure, if any. Jackson v. Johnson, 217 F.3d 360, 364-65 (5th Cir. 2000).

---

[1] Davis has replaced William Stephens as the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

The federal limitations period therefore began to run on October 14, 2014, and it expired on October 14, 2015.

By the time Guild's state petition was filed on November 5, 2014, the federal limitations period had already expired. Guild purportedly signed his state petition on October 10, 2014, but the prison mail logs have no record that Guild used the prison mail system to send the petition to the court, Causey v. Cain, 450 F.3d 601, 604 (5th Cir. 2006) (a court's reference to prison mail logs is a proper inquiry), so the prison mailbox rule has no application. Dison v. Whitley, 20 F.3d 185, 187 (5th Cir. 1994) (use of an unknown agent to mail a habeas petition does not trigger the prison mailbox exception). As a result, the date of the actual filing of Guild's state petition is controlling.

Guild has offered no evidence to justify equitable tolling.

It is, therefore, the recommendation of this court that Respondent's motion (document no. 16) be granted and the petition for a writ of habeas corpus of Lakim Mintrell Guild, filed on July 14, 2015, be dismissed as time-barred.

The clerk shall send a copy of this report and recommendation to Guild who shall have until July 22, 2016, to file any written objections. Failure to file timely written objections shall bar Guild from attacking on appeal the factual findings and legal conclusions accepted by the district judge except upon grounds of plain error.

Done at Galveston, Texas, this ____21st____ day of June, 2016.

John R. Froeschner
United States Magistrate Judge